UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06-cr-380-MOC-SCR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>vs. )<br>) **ORDER**<br>)<br>MARVIN MAURICE GOODSON, )<br>)<br>Defendant. )<br>) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction of Sentence. (Doc. No. 69). The Government has filed a response in opposition. (Doc. No. 74).

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, as the Government asserts in its brief in opposition, Defendant did not exhaust his administrative remedies before filing the pending motion. Because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion.[1]

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se "Motion for Compassionate Release/Reduction of Sentence," (Doc. No. 69), is **DENIED**, without prejudice to Defendant to refile the motion after he has exhausted his administrative remedies with the BOP.

---

[1] The Government has requested that the Court rule on the merits of Defendant's motion, despite non-exhaustion. The Court declines to do so and will, instead, require Defendant to first exhaust his administrative remedies with the BOP.

1

Signed: September 29, 2025

Max O. Cogburn Jr
United States District Judge